## Nelson v. Walnut Park Retirement Plaza, Inc.

*Laurence D. Mass*, for plaintiff.
*Barnett Satinsky*, for defendant.

BULLOCK, *J.*, January 9, 1979—Plaintiff has filed an amended complaint in equity, on behalf of herself and an alleged class, against defendant, charging defendant with failure to pay interest on security deposits or to place such deposits in escrow as required by the Act of April 6, 1951, P.L. 69, art. V, sec. 511.1, as amended, 68 P.S. §250.511(a). Plaintiff alleges that she was a tenant of defendant from approximately November 5, 1973, until June, 1, 1978, and that defendant has paid her no interest on her escrow deposit. She includes in her alleged class both prior tenants (referred to as subclass A) and current tenants (referred to as subclass B). The prayers of the complaint herein are as follows:

"WHEREFORE, Plaintiff prays this Honorable Court award damages to each class member as set forth above, plus counsel fees and costs.

"WHEREFORE, Plaintiff prays that this Honorable Court grant damages to each member of Subclass A in an amount double the interest owed on their security deposits plus counsel fees and costs.

"WHEREFORE, Plaintiff prays that this Honorable Court order Defendant to deposit all security deposits given it by members of Subclass B in escrow accounts in a proper institution in a proper manner and to notify all members of Subclass B of same, to pay each member of Subclass B interest on such escrow accounts as it accrues on an annual basis, and to pay Plaintiff's counsel fees and costs."

Plaintiff seeks to represent two classes even though she is a member of only one. She is obviously not a present resident of defendant and, therefore, has no personal interest in how defendant handles current escrow funds. She is thus not a member of the class for whom equitable relief might be appropriate. Under the circumstances, we believe this action should be dismissed to the extent that it involves a class of which plaintiff is not a member and that equitable relief is sought. Although determination as to what persons should be considered within a class ordinarily awaits an answer and a motion for certification, where, as here, the complaint itself establishes two classes, of which plaintiff is a member of only one, we see no impediment to elimination from the case forthwith the class of which plaintiff is obviously not a member.

Whether or not all past tenants of defendant constitute an appropriate class, we are not in a position at this point to say. We will resolve this issue when it is presented to us under Pa.R.C.P. 1707.

The gravamen of plaintiff's personal complaint is

interest on escrow funds allegedly improperly withheld. Section 512 of the Act of April 6, 1951, supra, 68 P.S. §250.512, a provision entitled "Recovery of improperly held escrow funds," provides in part as follows:

"If the landlord fails to pay the tenant the difference between the sum deposited, including any unpaid interest thereon, and the actual damages to the leasehold premises caused by the tenant within thirty days after termination of the lease or surrender and acceptance of the leasehold premises, the landlord shall be liable in assumpsit to double the amount by which the sum deposited in escrow, including any unpaid interest thereon, exceeds the actual damages to the leasehold premises caused by the tenant as determined by any court of record or court not of record having jurisdiction in civil actions at law. The burden of proof of actual damages caused by the tenant to the leasehold premises shall be on the landlord."

The above legislative provision, we believe, clearly establishes the remedy for a person who believes his or her escrow funds and/or interest thereon, have been improperly withheld.

## ORDER

And now, January 9, 1979, defendant's preliminary objections are sustained to the extent that (1) this case is transferred to the law side of the court, and (2) current tenants of the defendant (referred to in the complaint as subclass B) are eliminated as possible members of any class represented by plaintiff herein. Defendant is directed to file an answer to the complaint herein within 20 days hereof.